IN THE UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF ARKANSAS
CENTRAL DIVISION

**PULASKI COUNTY MEDICAL EXCHANGE**                                  **PLAINTIFF**

v.                                    4:22-CV-00028-BRW

**MEDCOM MEDICAL MESSAGING, INC.; and**                              **DEFENDANTS**
**CHASE WRIGHT, individually and in his capacity**
**as CEO**

### ORDER

Pending is Plaintiff's Motion for Temporary Restraining Order (Doc. No. 6).  The matter has been fully briefed, and a hearing was held on February 10, 2022.  After hearing the arguments and reviewing the evidence presented during the hearing, I believe I am fully advised in the premises.  For the reasons set out below, the motion is GRANTED.

I.   **BACKGROUND**

On January 14, 2022, Plaintiff filed its Complaint.  On January 18, 2022, Plaintiffs filed a Motion for Temporary Restraining Order.  At the hearing held on February 10, 2022,  Plaintiffs contended that Defendants have and continue to wrongfully use certain assets acquired from a purchase agreement where the Defendants failed to pay the agreed price.  Plaintiff requests an order for the return of its property and proprietary information.  Additionally, Plaintiff requests that Defendants cease all communications with its customers, and return any payments it may have received from its customers.

Defendants have not been served or filed any response in this case.  Defendants did not appear at the motion hearing and advised my staff shortly before the hearing that they no longer intended to participate.

1

**II.     APPLICABLE LAW**

Plaintiffs' claims must be analyzed under the *Dataphase* factors to determine if a preliminary injunction is warranted.[1] The factors are: (1) "whether there is a substantial probability movant will succeed at trial; (2) whether the moving party will suffer irreparable injury absent the injunction; (3) the harm to other interested parties if the relief is granted; and (4) the effect on the public interest."[2] In balancing these equities no single factor is determinative but an "absence of a finding of irreparable injury is alone sufficient ground for vacating the preliminary injunction."[3] The Eighth Circuit applies the same standards to a request for a preliminary injunction and temporary restraining order.[4]

**III.    DISCUSSION**

Plaintiff has demonstrated a strong likelihood of succeeding on its claims. Defendants have improperly converted and are exercising control over certain assets and proprietary information of Plaintiff, including customer contact information and three telephone numbers.

Without a temporary restraining order, Defendants can be expected to continue engaging in conduct detrimental, not only to Plaintiff's business interests, but to patients and medical providers in central Arkansas that rely on a stable telephone answering service to ensure timely patient care and treatment. Plaintiff and the medical community will continue to suffer

---

[1] *Dataphase Systems, Inc., v. C L Systems, Inc.*, 640 F.2d 109, 112 (8th. Cir. 1981).

[2] *Id.*

[3] *Id.* at 114.

[4] See *S.B. McLaughlin & Co. v. Tudor Oaks Condo. Project*, 877 F.2d 707, 708 (8th Cir. 1989) (affirming the district court's application of the *Dataphase* factors to a motion for a temporary restraining order).

irreparable harm if an injunction is not entered.  I see no harm to Defendants if the temporary restraining order is granted.

Additionally, the strong public interest in ensuring that patients are able to contact their medical care providers weighs in favor of granting a temporary restraining order.

Accordingly, Plaintiff's motion is GRANTED as follows:

1.  Defendants must immediately return all of Plaintiff's property, including any and all customer lists and contact information, that Defendants obtained from Plaintiff.

2.  Defendants must not retain and must immediately cease use of any property of Plaintiff.  Additionally, Defendants must cease all communications with Plaintiff's customers, including both medical providers and patients in central Arkansas.

3.  Defendants must immediately cease all advertisements or communications aimed at disparaging Plaintiff or its employees, or otherwise attempting to claim control or ownership over Plaintiff's business or assets.  Defendants must cease making any representations claiming a possessory right to Plaintiff or any of its assets.

4.  The following telephone numbers are Plaintiff's  property:  (501) 663-6900; (501) 663-8400; and (501) 687-0039.  Accordingly, I direct that the ownership, custody, and control of these numbers is hereby returned to Plaintiff and all persons or entities having an ability to effectuate the return of the phone numbers are directed to do so immediately.

5.  Plaintiff is directed to present this Order to the telephone service provider(s), or any others, currently holding, controlling, or servicing the telephone numbers listed above to expedite compliance with this Order.

## CONCLUSION

For the reasons stated above, Plaintiff's Motion for Temporary Restraining Order (Doc. No. 6) is GRANTED.

IT IS SO ORDERED this 15th day of February, 2022.

Billy Roy Wilson<br>
UNITED STATES DISTRICT JUDGE